UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EDWARD BOWMAN,

        Petitioner,

  -v-                                          No. 12CV4153-LTS-SN

STEVEN RACETTE,

        Respondent.
-------------------------------------------------------x

MEMORANDUM ORDER ADOPTING FIRST REPORT AND RECOMMENDATION
(ECF DOCKET ENTRY NO. 30)

        Pro se petitioner Edward Bowman ("Petitioner") filed a 28 U.S.C. § 2254 petition (the "Petition") seeking to vacate his 2006 New York State convictions of Conspiracy in the Fourth Degree, Assault in the First Degree and Attempted Robbery in the First and Second Degree. On September 19, 2013, Magistrate Judge Sarah Netburn issued a Report and Recommendation (the "Report") recommending that the Petition be denied on seven of the eight claims raised by Petitioner because he had not made a substantial showing of a denial of a constitutional right. Judge Netburn appointed habeas counsel to brief the remaining claim, in which Petitioner asserted that the trial court had erred by not admitting Petitioner's complete testimony from a previous trial.[1] Petitioner filed timely objections to the Report, and Respondent did not file any objections. The Court has carefully considered the Report, Petitioner's objections, and the underlying record. For the following reasons, the Court adopts

---

[1] On April 24, 2014, Magistrate Judge Netburn issued a second Report and Recommendation recommending that Petitioner be granted relief based on this eighth claim. That Report and Recommendation is addressed in the Court's Memorandum Order Regarding Second Report and Recommendation (ECF Docket Entry No. 47), also filed today.

the Report in its entirety.

## DISCUSSION

Familiarity with the Report is presumed and only the facts most relevant to Petitioner's objections are discussed below.  After two trials that ended in hung juries, Petitioner was convicted on May 19, 2006, following a third jury trial, of Conspiracy in the Fourth Degree, Assault in the First Degree, and Attempted Robbery in the First and Second Degree.  He was sentenced to an aggregate prison term of twenty years to life and his judgment of conviction was affirmed by the New York State Supreme Court Appellate Division, First Department.  His leave application to the New York State Court of Appeals was denied, and his subsequent petition for a writ of certiorari from the United States Supreme Court was also denied.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  Adams v. New York State Dep't of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)).  The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (internal quotation marks and citation omitted).  However, if the "party's objections . . . are 'conclusory or general,'" the Court will review the report solely for clear error.  Williams v. City of New York, No. 12CV8518-RJS, 2014 WL 1383661, at *5 (S.D.N.Y. Mar. 26, 2014) (quoting Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

Pro se parties are "entitled to a liberal construction of their papers, which should be read 'to raise the strongest arguments that they suggest.'" Rodriguez v. Barnhart, 01CV3411-DAB-MHD, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002) (quoting Graham v. Henderson, 89 F. 3d 75, 79 (2d Cir. 1996). However, "[e]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, No. 06CV13320-DAB-JCF, 2011 WL 3809920 at * 2 (S.D.N.Y. Aug. 25, 2011) (quoting Pinkney v. Progressive Home Health Servs., No. 06CV5023-LTS-JCF, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Petitioner filed his habeas petition on May 24, 2012 (the "Petition"), and a Traverse on December 17, 2012, in reply to Respondent's Answer (the "Traverse"), arguing that he was entitled to relief on eight grounds. As outlined in Judge Netburn's Report, those eight grounds for relief were: that (1) his trial counsel was ineffective for failing to: object to certain jurors, move to dismiss the indictment, object to inadmissible facts and move for a missing witness charge;[2] (2) the court admitted hearsay statements during the pretrial suppression hearing that violated Bowman's constitutional rights; (3) the court erred in instructing the potential jurors that they could make "no inference" should Bowman not testify; (4) the prosecutor committed misconduct when he elicited testimony in violation of the Confrontation Clause, elicited false testimony, revealed to the jury that Bowman had a criminal record, provided evidence of Bowman's debts and bolstered the credibility of his witnesses; (5) the evidence was

---

[2]    Because Petitioner's arguments that his counsel was ineffective for failing to object to hearsay and false testimony and failing to object to the court's no inference charge were also raised on the merits as grounds for habeas relief and on the merits in his objections, the Court addresses them, as Magistrate Judge Netburn did, outside of the context of Petitioner's ineffective assistance of counsel claim.  (See Report at 19.)

legally insufficient to support the conviction; (6) the trial court erred in not disqualifying jurors who had a relationship to the victim; (7) the court improperly permitted Bowman's trial to be severed from that of his co-defendant; and (8) the court erred in not admitting Bowman's prior testimony in its entirety.

Petitioner now raises the following objections to the Report: (1) his trial counsel was ineffective for failing to: (a) move to dismiss the indictment, (b) move for a missing witness charge, (c) object to hearsay and false testimony and (d) object to the court's no inference charge; (2) the court admitted hearsay statements; (3) the court erred in instructing potential jurors that they could make "no inference" if Petitioner did not testify; (4) the prosecutor committed misconduct by (a) eliciting testimony in violation of the Confrontation Clause, (b) eliciting false testimony, (c) referring to Petitioner's criminal record during summation, (d) providing evidence of Petitioner's debts, and (e) bolstering the credibility of his witnesses; (5) the evidence was legally insufficient to support the conviction; (6) the trial court erred in not disqualifying jurors who had a relationship to the victim; (7) the trial court erred in allowing Petitioner's trial to be severed from that of his co-defendant. In addition, Petitioner objects to the Report's recommended finding that the juror bias, trial severance, improper bolstering, and elicitation of false testimony claims were not properly exhausted.

Of Petitioner's objections, only Objection 1(a) and Objection 3 are specific enough to warrant de novo review. The rest of Bowman's objections are couched in conclusory language and repeat his earlier arguments. For example, in Objection 5, Petitioner asserts that the indictment varied materially from the evidence presented at trial, but his original argument, considered by Judge Netburn in the Report, was also that the evidence presented at trial was insufficient to support the indictment. (Objection ("Obj.") at 52, Traverse at 75-77). Petitioner's

new argument is not responsive to Judge Netburn's analysis of the sufficiency of the evidence and therefore is not a specific objection that the Court ought to review de novo.³ Accordingly, the Court reviews the portions of the Report – other than those relating to Objections 1(a) and Objection 3 – for clear error.  Having done so, the Court finds none.  Judge Netburn's Report thoroughly analyzes Petitioner's arguments and the evidence relating to these objections and persuasively explains why each fails.

As for Objection 1(a), in which Petitioner asserts that his third trial counsel should have moved to dismiss the indictment because the grand jury proceedings were defective, Judge Netburn recommended finding that Petitioner did not suffer any prejudice because conviction by a jury overcomes errors at the indictment stage.⁴  The Report cites to U.S. v. Mechanik, 475 U.S. 66 (1986), a case in which the Supreme Court held that a jury verdict of

---

³ See also Obj. at 16a-17, Traverse at 25 (in Objection 1(b), Petitioner repeats his claim that defense counsel was ineffective for failing to request a missing witness charge and failing to request an order of proof as to the allegation made by a government witness); Obj. at 21, 24, 29, Petition at 12, 15, 17 (in Objection 2, Petitioner repeats his claim that the trial court erred by admitting hearsay statements and that the court did not determine the reliability of the testimony); Obj. at 45-51, Traverse at 78-83 (in Objection 4, Petitioner restates his original arguments that the prosecutor improperly elicited hearsay testimony from a detective who repeated information from an unnamed civilian, elicited false testimony from government witnesses, and with regard to Petitioner's objections regarding reference to his criminal record and debts, Petitioner simply refers the Court to relevant pages of his prior briefing); Obj. at 6, Traverse at 46-50 (in Objection 6, Petitioner restates claims that the court erred in not disqualifying jurors who had a relationship to the victim); and Obj. at 3-4, Traverse at 53, Petition at 41a (in Objection 7, Petitioner repeats his claim that the court improperly severed his case from that of his co-defendant absent irreconcilable differences).

⁴ Petitioner also argues again that his third counsel should have moved to dismiss the indictment (see Objection at 14-16).  Judge Netburn previously considered this argument and recommended that, even if Bowman could argue that his third counsel could have moved to dismiss the indictment (which is a pre-trial motion that must be filed within 45 days of the arraignment), ultimately, Bowman could not prove that he suffered prejudice from the allegedly faulty grand jury charge.  (See Report at 22.) The Court finds no clear error in Judge Netburn's determination.

guilty cures errors made at the indictment phase. In his Objection, Petitioner relies on People v. Huston, 88 N.Y.2d 400 (1986) to argue that an indictment should be dismissed if it arises from a defective grand jury proceeding. (See Obj. at 16.) In Huston, however, the court made it clear that dismissal is an "exceptional remedy," which had been granted in that case only because the prosecutor had erred consistently throughout the grand jury proceedings. 88 N.Y.2d 400 at 409 ("dismissal of indictments . . . should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury"). Contrary to Petitioner's objection, convictions after trial generally cure defective grand jury proceedings. See, e.g., Dickens v. Filion, 02CV3450-DLC-AJP, 2002 WL31477701, at *11 (S.D.N.Y. Nov. 6, 2002), report and rec. adopted, 2003 WL 1621702 (S.D.N.Y. Mar. 28, 2003) ("[a] jury conviction transforms any defect connected with the grand jury's decision into harmless error"); see also Dixon v. McGinnis, 492 F. Supp. 2d 343, 348 (S.D.N.Y. 2007) ("a subsequent conviction cures any defect in a grand jury proceeding and forecloses the possibility of a Sixth Amendment violation") (internal quotation marks and citation omitted). There is no evidence here that the prosecutor consistently erred during the grand jury proceedings or that Petitioner suffered prejudice sufficient to warrant this exceptional remedy. Accordingly, the Court overrules Petitioner's Objection.

In Objection 3, Bowman contends that the Report erroneously found that, because the trial judge instructed the jury regarding the prosecution's burden of proof, any erroneous jury instruction was cured and did not cause a violation of Bowman's due process rights. (See Obj. at 30-33.) The trial judge violated N.Y. C.P.L. § 300.10(2) by instructing the jurors that they could not draw unfavorable inferences from the fact that Petitioner did not testify, without a request

from the Petitioner, which the statute requires.[5]  Although the trial judge erred in giving this instruction, to obtain habeas relief based on an erroneous jury instruction, a petitioner must demonstrate that his federal due process rights have been violated.  See Cupp v. Naughten, 414 U.S. 141, 147 (1973) ("the question is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process").  In addition, "[a] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge."  Middleton v. McNeil, 541 U.S. 433, 437 (2004) (quoting Cupp, 414 U.S. at 146-47).  The instruction given here was intended to benefit Petitioner at trial and Petitioner has failed to show that it in any way violated his Fourteenth Amendment Due Process rights.  Therefore, the Court overrules this objection.

CONCLUSION

The Court has reviewed Petitioner's specific objections de novo and finds them meritless.  The Court has also reviewed the remainder of the Report and finds no clear error.  Therefore, the Court adopts the Report in its entirety for the reasons stated above and denies the Petition insofar as it is based on the first seven claims.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  28 U.S.C. § 2253(c)(2); see also United States v. Perez, 139 F.3d 255, 259-60 (2d Cir. 1997).  The Court certifies pursuant to

---

[5] See N.Y. C.P.L. § 300.10(2) ("Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn").

28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis with respect to the claims addressed in the Report and this Order is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

       SO ORDERED.

Dated: New York, New York  
       April 20, 2015

       /s/ Laura Taylor Swain  
       LAURA TAYLOR SWAIN  
       United States District Judge